2009 AUG 25  PM 3: 38

CLERK'S OFFICE
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA

1 1 09 C V 242 7 LS

| | |
|---|---|
| **JOHN P. MILLER, III**<br>501 Glengary Road<br>Holland, Ohio 43528, | Case No. _____<br><br>Honorable _____ |

**JOHN P. MILLER, III**
501 Glengary Road
Holland, Ohio 43528,

and

**THE MILLER FIREWORKS COMPANY, INC.**, an Ohio corporation
501 Glengary Road
Holland, Ohio 43528

       Plaintiffs,

v.

**UP IN SMOKE, INC.**, an Indiana corporation
Charles E. Davis, Registered Agent
614 Berry St.
Fort Wayne, Indiana 46802

**CR SMOKE, INC.**, an Indiana corporation
c/o Rudolfo Rodriguez, Jr.
4875 State Road 127 North
Fremont, Indiana 46737

**FAT ENTERPRISES, LLC**, an Indiana
limited liability company
c/o Rudolfo Rodriguez, Jr.
4875 State Road 127 North
Fremont, Indiana 46737

**RUDOLFO RODRIGUEZ, JR.**
4875 State Road 127 North
Fremont, Indiana 46737

Case No. _____

Honorable _____

**VERIFIED COMPLAINT WITH
JURY DEMAND ENDORSED HEREON**

Jason M. Kuchmay (20974-02)
Federoff Law Firm, LLP
10445 Illinois Road
Fort, Wayne, Indiana 46814
Telephone: (260) 207-2100
Telefax: (260) 207-2101
Email: jmk@federoff-law.com
Attorney for Plaintiff

Erik G. Chappell (OH 0066043) (MI P51332)
Lyden, Liebenthal & Chappell, Ltd.
5470 Main Street, Suite 300
Sylvania, Ohio 43560
Telephone: (419) 867-8900
Telefax: (419) 867-3647
Email: egc@lydenlaw.com
Attorney for Plaintiff (*Admission pending*)

**CHARLOTTE RODRIGUEZ**
4875 State Road 127 North
Fremont, Indiana 46737

and

**ESTEP ACCOUNTING SERVICE, INC.,**
a Michigan corporation
Jerilyn S. Estep, Registered Agent
22431 P. Drive South
Homer, Michigan 49245

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

NOW COME Plaintiffs, John P. Miller, III ("Miller") and The Miller Fireworks Company, Inc. ("Miller Fireworks"), by and through their attorneys, Erik G. Chappell, Esq. of the law firm of Lyden, Liebenthal & Chappell, Ltd., *admission pending*, and local counsel Jason M. Kuchmay, Esq., of the law firm of Federoff Law Firm, LLP, and for their Verified Complaint against Defendants Up In Smoke, Inc. ("Up In Smoke"), CR Smoke, Inc. ("CR Smoke"), Fat Enterprises, LLC ("Fat Enterprises"), Rudolfo Rodriguez, Jr. ("R. Rodriguez"), Charlotte Rodriguez ("C. Rodriguez"), and Estep Accounting Service, Inc. ("Estep Accounting") state and aver as follows:

## PARTIES

1.    Plaintiff Miller is an individual who resides at 501 Glengary Road, Holland, Ohio 43528.

2.    Plaintiff Miller Fireworks is an Ohio corporation with a principal place of business at 501 Glengary Road, Holland, Ohio 43528.

3.    Defendant Up In Smoke is an Indiana corporation, in good standing, with a principal place of business at 4875 State Road 127 North, Fremont, Indiana 46737. The registered agent for Up In Smoke is Charles E. Davis, at 614 Berry St., Fort Wayne, Indiana 46802.

4. Defendant CR Smoke is an Indiana corporation with a principal office at 4875 State Road 127 North, Fremont, Indiana 46737 and a principal place of business at 0035 W. 700 N, Howe, Indiana. CR Smoke was administratively dissolved by the Indiana Secretary of State on December 4, 2003 due to its failure to file corporate reports for the years 2002 and 2003. The Indiana Secretary of State's records reflect that CR Smoke has not filed a corporate report since the year 2000.

5. Defendant Fat Enterprises is an Indiana limited liability company with a registered office at 5915 N. SR 127, Fremont, Indiana and a principal place of business at 4875 State Road 127 North, Fremont, Indiana. Fat Enterprises was administratively dissolved by the Indiana Secretary of State on October 26, 2005, presumably, due to its failure to file corporate reports.

6. Defendant R. Rodriguez is an individual who, upon information and belief, resides in Fremont, Indiana.

7. Defendant C. Rodriguez is an individual who, upon information and belief, resides in Fremont, Indiana and is the spouse of Defendant R. Rodriguez.

8. Defendant Estep Accounting is a Michigan corporation with a principal place of business at 22431 P. Drive South, Homer, Michigan. The registered agent for Estep Accounting is Jerilyn S. Estep, at 22431 P. Drive South, Homer, Michigan 49245.

### JURISDICTION AND VENUE

9. Plaintiffs Miller and Miller Fireworks are Ohio residents. Defendants are Indiana and Michigan residents. The subject matter of this Verified Complaint concerns damages well in excess of Seventy-Five Thousand Dollars ($75,000.00). Therefore, Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. §1332.

10.   Furthermore, venue is appropriate in this Court because all of the Defendants reside within this Court's jurisdiction and/or conducted business within this Court's jurisdiction. Moreover, the transactions or occurrences underlying the Verified Complaint occurred within this Court's jurisdictional boundaries.

## GENERAL ALLEGATIONS

## UP IN SMOKE, INC.

11.   Plaintiff Miller is the owner of Miller Fireworks. Miller Fireworks is in the business of retail and wholesale of fireworks. The showroom for Miller Fireworks is located on a forty (40) acre complex and has a wide variety of fireworks for every type of event. Miller Fireworks is a family owned and operated business serving the firework community for over sixty (60) years. Plaintiff Miller, himself, has been involved in the retail and wholesale of fireworks for over twenty (20) years.

12.   Plaintiff Miller first met Defendant R. Rodriguez when he was a customer at Miller Fireworks and, at the time, was engaged in the seasonal and miscellaneous sale of fireworks. Defendant R. Rodriguez and Plaintiff Miller discussed the purchase of a retail tobacco, alcohol, and fireworks outlet and rental storage facility in Fremont, Indiana. They were to be equal partners in the business.

13.   After discussion and investigation, Plaintiff Miller and Defendant C. Rodriguez, the spouse of Defendant R. Rodriguez, formed Defendant Up In Smoke on September 2, 1997 by filing Articles of Incorporation with the Indiana Secretary of State for the purpose of purchasing and operating said retail tobacco, alcohol, and fireworks outlet and rental storage facility in Fremont, Indiana. (A copy of the Articles of Incorporation for Up In Smoke is attached hereto as **Exhibit "A".**)

14.   Plaintiff Miller was initially the President of Up In Smoke and had a fifty percent (50%) ownership interest in Up In Smoke. Plaintiff Miller resigned as the President in Fall of 2008.

15.   Defendant C. Rodriguez is the Secretary/Treasurer of Up In Smoke and also had a fifty percent (50%) ownership interest.

16.   In or around March 1998, Up In Smoke entered into an Asset Purchase Agreement ("the Purchase Agreement") with Mike Luby ("Luby"), personally and d/b/a Pokagon Fireworks and Storage, Pokagon Storage and Up In Smoke to purchase Luby's retail tobacco, alcohol, and fireworks outlet and rental storage facility together with a residential property located at 4865 North State Road 127; 4875 North State Road 127; 4877 North State Road 127; and 985 West 500 North, all situated in Fremont, Steuben County, Indiana (collectively referred to as "the Property"). (See Asset Purchase Agreement, attached hereto as **Exhibit "B"**; see, also, aerial photograph of the Property, depicting the state of the Property around the time of purchase, attached hereto as **Exhibit "C"**.)

17.   The total purchase price for the Property and the businesses was $1,904,000.00. (Purchase Agreement, at ¶2).

18.   Pursuant to the Purchase Agreement, Luby transferred to Up In Smoke the right to use Luby's d/b/a name(s) in the operation of the business, which names were Pokagon Fireworks, Cigarette Mega Store, Luby Enterprises, Pokagon Flea Market, Pokagon Fireworks and Storage, Pokagon Storage and Up In Smoke. (Purchase Agreement, at ¶11).

19.   Plaintiff Miller provided earnest money in the amount of $304,000.00 to Luby for the purchase of the Property and the businesses. Defendants R. Rodriguez and

C. Rodriguez had to borrow a portion of their share of the earnest money deposit to purchase the Property and the businesses (i.e., $50,000.00).

      20.     Up In Smoke executed an Installment Promissory Note in favor of Luby in the amount of $1,350,000.00.

      21.     Defendants R. Rodriguez, C. Rodriguez and Plaintiff Miller agreed that Defendants R. Rodriguez and C. Rodriguez would be responsible for conducting the day-to-day operations of the fireworks, alcohol and cigarette mega store, called "Up In Smoke, Inc." as well as the storage facility called U.S. Land and Storage Company.

      22.     Defendants R. Rodriguez and C. Rodriguez received salaries from Up In Smoke to run the daily operations of the businesses.

      23.     In 2003, business records of Up In Smoke reflect that wages paid totaled $204,288.84, including bonuses, and wages paid to officers totaled $190,142.60.[1]

      24.     On August 4, 2003, Plaintiff Miller and Defendant C. Rodriguez entered into a Shareholder Agreement whereby C. Rodriguez purchased twenty four  shares of Up in Smoke from Plaintiff Miller for the sum of $450,000.00. (See Shareholder Agreement, attached hereto as Exhibit "D".)[2]

      25.     Defendants R. Rodriguez and C. Rodriguez provided financial information to Plaintiff Miller for several years after Up In Smoke purchased the Property and the businesses from Luby.

      26.     Plaintiff Miller initially received a salary from Up In Smoke in the amount of $45,300.00 per year.   Defendants R. Rodriguez and C. Rodriguez continued to make these

---

[1] Plaintiff Miller does not have business records reflecting salaries and/or wages paid by Up In Smoke for the year 2004.

payments to Plaintiff Miller through mid 2005. At that time, absent formal corporate authorization, Defendants ceased to make any payments to Plaintiff Miller.

27.    In mid 2005, Defendants R. Rodriguez and C. Rodriguez effectively froze out Plaintiff Miller from the operation of Up In Smoke by not paying any monies to Plaintiff Miller and by not sending any financial information to Plaintiff Miller.

28.    In 2005, business records of Up In Smoke reflect that wages paid totaled approximately $135,759.00, including bonuses, and wages paid to officers totaled approximately $196,504.00.

29.    In 2006, even though Plaintiff Miller was not receiving any wages, business records of Up In Smoke reflect that Defendant R. Rodriguez received $38,603.00 in salary; Defendant C. Rodriguez received $85,549.00; and Defendant R. Rodriguez and C. Rodriguez's children and/or relatives, Rudy Rodriguez, III and Ryan Rodriguez, received $35,610.00 and $5,185.00, respectively.

30.    In 2006, business records of Up In Smoke also reflect that Defendant R. Rodriguez took loans from Up In Smoke totaling $17,300.00.

31.    In 2007, even though Plaintiff Miller was not receiving any wages, Defendant R. Rodriguez increased his salary to $83,599.00. In 2007, Defendant C. Rodriguez received $83,599.00; and Rudy Rodriguez, III and Ryan Rodriguez, received $39,360.00 and $11,109.00, respectively.

---

[2] The Shareholder Agreement was entered into for permitting purposes. At all times relevant hereto, beneficial ownership remained with Plaintiff Miller.

32.     Also, in 2007, business records reflect that Defendant R. Rodriguez took loans from Up In Smoke totaling $122,376.23. At the end of 2007, Defendant R. Rodriguez owed Up In Smoke $139,676.00, which includes the balance owed from 2006 in the amount of $17,300.00.

33.     Furthermore, as evidenced by the Indiana Business Entity Report filed with the Indiana Secretary of State for the filing year of 2007/2008, Defendant C. Rodriguez unilaterally changed her position with Up In Smoke from Secretary/Treasurer to Vice President. (See Indiana Business Entity Report, dated October 9, 2007, attached hereto as **Exhibit "E".**) The office address was also unilaterally changed to reflect the designation: "c/o Charlotte Rodriguez". The 2007/2008 Business Entity Report was filed by Charles E. Davis, Esq. Mr. Davis was also listed as the registered agent. Plaintiff Miller's name was not mentioned on the filing. These changes were made without the agreement of Plaintiff Miller.

34.     Prior to the filing of the Report for the year 2007/2008, the Articles of Incorporation, as well as the Indiana Business Entity Reports filed for the years 1999/2000, 2001/2002, 2003/2004 and 2005/2006 reflected Plaintiff Miller as the President and the registered agent for Up In Smoke and Defendant C. Rodriguez as the Secretary/Treasurer. (See Indiana Business Entity Reports for the year 1999 – 2006, attached collectively hereto as **Exhibit "F".**)

35.     Despite not paying any monies to Plaintiff Miller, Defendants R. Rodriguez and C. Rodriguez continued to pay themselves salaries from Up In Smoke.

36.     Plaintiff Miller has made repeated demands to Defendants R. Rodriguez and C. Rodriguez to supply Plaintiff Miller with the financial records of Up In Smoke for the years of 2005 to present. Defendants R. Rodriguez and C. Rodriguez have refused to comply with this request. Plaintiff Miller's accountants have also tried, independently, to obtain financial information from Defendants. Defendants have repeatedly refused their request.

-8-

37.     Plaintiff Miller recently received his K-1 for tax year 2008 for Up In Smoke. (See 2008 K-1 for John Miller, attached hereto as **Exhibit "G".**)  The K-1 states that Plaintiff Miller's share of the business loss of Up In Smoke is $129,625.00.  The K-1 also states that Plaintiff Miller's ownership interest in Up In Smoke is only forty-nine percent (49%), not fifty percent (50%).  Despite Plaintiff Miller's repeated requests to Defendants R. Rodriguez and C. Rodriguez for additional financial documentation for Up In Smoke, only his K-1 for tax year 2008 has been provided.

38.     Defendants R. Rodriguez and C. Rodriguez have failed to pay vendors of Up In Smoke, including Miller Fireworks.  Invoices for the months or May, June and July 2008 reflect that Miller Fireworks sold Defendants R. Rodriguez and C. Rodriguez fireworks in the amount of $29,933.99   (See invoices from Miller Fireworks to Up In Smoke attached hereto collectively as **Exhibit "H".**)   Defendants R. Rodriguez and C. Rodriguez have refused to pay Plaintiff Miller Fireworks the amount owed.

39.     Defendants R. Rodriguez and C. Rodriguez have also failed to pay sales taxes for Up In Smoke.  On July 24, 2008, a Warrant for Collection of Tax was issued to Up In Smoke by the State of Indiana, Department of Revenue, which reflects that for the tax year of 2007, Up In Smoke owes approximately $15,208.59 in sales taxes, including interest, penalties, collections fees and clerk costs.  (See Warrant for Collection of Tax, State of Indiana, Department of Revenue, dated July 24, 2008, attached hereto as **Exhibit "I"**).

40.     Upon information and belief, Defendants R. Rodriguez and C. Rodriguez have also failed to pay the entire amount of property taxes due for the Property owned by Up In Smoke at 4865 State Road, 127 North, Fremont, Indiana, for the years 2005 through 2008. (See documentation from the Steuben County, Indiana auditor's office, attached hereto as **Exhibit "J".**)

41.     Defendants R. Rodriguez and C. Rodriguez have also failed to maintain property and casualty insurance on the Property. As a result, Plaintiffs were required to insure the Property for Up In Smoke starting in Fall of 2007.

42.     Defendants R. Rodriguez and C. Rodriguez have also failed to maintain the Property upon which the Up In Smoke retail store is located. (See current photographs of the Property, attached hereto as **Exhibits "K1-K6"**.)

43.     Furthermore, Defendants R. Rodriguez and C. Rodriguez operated car sales lots and car repair businesses prior to engaging in business with Plaintiff Miller. That said, Plaintiff Miller and Defendant R. Rodriguez agreed that R. Rodriguez would not sell or repair cars on any property owned by Up In Smoke upon which Up In Smoke did business. Despite this agreement, Defendants R. Rodriguez and C. Rodriguez have sold, and are continuing to sell, cars on the Property owned by Up In Smoke and, therefore, are not using their best efforts to manage the company and its affairs. (See photograph depicting car sales on the Property owned by Up In Smoke, attached hereto as **Exhibit "L"**.)

## CR SMOKE, INC.

44.     Plaintiff Miller and Defendant R. Rodriguez formed Defendant CR Smoke on February 19, 1998 by filing Articles of Incorporation with the Indiana Secretary of State. (A copy of the Articles of Incorporation of CR Smoke is attached hereto as **Exhibit "M"**.)

45.     Pursuant to the Articles of Incorporation, the Directors of CR Smoke were Plaintiff Miller, Kelli A. Miller, and Defendant C. Rodriguez.

46.     CR Smoke's principal place of business was located at 0035 W. 700 N, Howe, Indiana. CR Smoke operated a retail store that sold fireworks, alcohol and cigarettes. This business was purchased with funds from Up In Smoke.

47.     Plaintiff Miller and Defendant R. Rodriguez agreed that Defendant R. Rodriguez would only receive a salary from CR Smoke if he ran the retail store. Defendant R. Rodriguez did not run the retail store. Instead, he paid other individuals to run the retail store and still took a salary from CR Smoke.

48.     In 2006, business records of CR Smoke reflect that Defendant R. Rodriguez received wages totaling $19,463.00. Other salaries and wages paid by CR Smoke in 2006 total $44,739.00. In 2007, business records from CR Smoke reflect that Defendant R. Rodriguez received wages totaling $20,930.00. Other salaries and wages paid by CR Smoke in 2007 total $48,873.00.

49.     In 2006, business records of CR Smoke reflect that Defendant R. Rodriguez took loans from CR Smoke totaling $58,978.00.

50.     Defendants R. Rodriguez and C. Rodriguez provided financial information to Plaintiff Miller for several years after CR Smoke was formed.

51.     Defendants R. Rodriguez and C. Rodriguez stopped sending financial records to Plaintiff Miller in mid 2005. Plaintiff Miller has demanded that Defendants R. Rodriguez and C. Rodriguez provide such documentation but Defendants R. Rodriguez and C. Rodriguez have refused to comply with the request.

52.     In 2007, business records of CR Smoke reflect that Defendant R. Rodriguez took loans from CR Smoke totaling $87,420.00. This amount includes the balance owed from 2006 in the amount of $58,978.00. Business records of CR Smoke for 2007 also reflect that an unexplained adjustment to this loan balance was made in the amount of $79,806.00 by Defendant R. Rodriguez.

Plaintiff Miller recently received his K-1 for tax year 2008 for CR Smoke. (See 2008 K-1 for John Miller, attached hereto as **Exhibit "N".**) The K-1 reflects that Plaintiff Miller's share of the business loss for CR Smoke is $2,578.00. Despite repeated requests to Defendants R. Rodriguez and C. Rodriguez for additional financial documentation for CR Smoke, only his K-1 for tax year 2008 has been provided.

53.     Defendant R. Rodriguez and C. Rodriguez have failed to pay sales taxes for CR Smoke, which has caused the State of Indiana to file over two hundred liens against CR Smoke for failure to pay taxes during the years of 2003 through 2008. The total amount of sales tax owed by CR Smoke is approximately $304,537.00. (See list of liens filed by the State of Indiana against CR Smoke, Inc. attached hereto collectively as **Exhibit "O".**)

54.     Defendants R. Rodriguez and C. Rodriguez have also failed to pay the real and personal property taxes due for the property located at 0035 W. 700 N., Howe, Indiana, for the years 2005 through 2007. (See documentation from the Lagrange County, Indiana auditor's office, attached hereto as **Exhibit "P".**)

55.     As a result of Defendants R. Rodriguez and C. Rodriguez's failure to pay the appropriate taxes for CR Smoke and Up In Smoke, the financial institution providing the line of credit for Miller Fireworks is refusing to renew said line of credit unless Plaintiff Miller bonds off all amounts due for past taxes.

56.     Defendants R. Rodriguez and C. Rodriguez have also failed to file the appropriate yearly Business Entity Reports with the Indiana Secretary of State for CR Smoke, which resulted in CR Smoke being administratively dissolved by the State of Indiana on December 4, 2003. (See documentation regarding entity status, attached hereto as **Exhibit "Q".**)

-12-

57.     Defendants R. Rodriguez and C. Rodriguez have also failed to maintain the CR Smoke retail store and surrounding property.  At present, the retail store and surrounding property is in a total state of disrepair. Defendants R. Rodriguez and C. Rodriguez have left the property unsecured and have failed to remove sensitive business documentation from the property prior to their abandonment.  (See photographs depicting the current state of the CR Smoke retail store and surrounding property, attached hereto as **Exhibits "R1-R9"**; see, also, photographs depicting the previous state of the CR Smoke retail store and surrounding property, attached hereto as **Exhibits "S1-S4".**)

58.     In direct contravention of the previous agreement of the parties, Defendants R. Rodriguez and C. Rodriguez have also engaged in car sales on the property upon which CR Smoke was located.  (See recent photograph depicting car sales upon the property, attached hereto as **Exhibit "T".**)

## FAT ENTERPRISES, LLC

59.     Unbeknownst to Plaintiff Miller, Defendants R. Rodriguez and C. Rodriguez formed an entity called Fat Enterprises on November 21, 2001 by filing Articles of Organization with the Indiana Secretary of State.  (A copy of Articles of Organization is attached hereto as **Exhibit "U".**)

60.     Pursuant to the Articles of Incorporation, the registered office of Fat Enterprises was at 5915 N. SR 127, Fremont, Indiana 46737.  However, a business record of Fat Enterprises reflects that the principal place of business for Fat Enterprises was located on the Property purchased by Up In Smoke at 4875 State Road 127 North, Fremont, Indiana.  (See business record of Fat Enterprises listing addresses and contact information for the divisions of Fat Enterprises, attached hereto as **Exhibit "V".**)

-13-

61.     Upon information and belief, Fat Enterprises has several divisions. These divisions included Fat's Discount Tobacco & Fireworks and/or Smokin; Fat Auto Sales; and Fat Land & Building Company. (See Exhibit V).

62.     Defendants R. Rodriguez and C. Rodriguez have used corporate assets and funds from Up In Smoke and/or CR Smoke to operate Fat Enterprises, which includes Fat's Discount Tobacco & Fireworks and/or Smokin, Fat Auto Sales, and Fat Land & Building Company, without the approval or consent of Plaintiff Miller.

63.     Defendants R. Rodriguez and C. Rodriguez were also operating CR Smoke under the name of Fat's at 0035 W. 700 N, Howe, Indiana without the approval or consent of Plaintiff Miller, thereby diverting business opportunities and assets for their own personal benefit. (See invoices from S. Abraham & Sons, Inc. to Fat's dated September 30, 2004 and November 11, 2004, attached hereto collectively as **Exhibit "W").**

64.     R. Rodriguez and C. Rodriguez were also operating Fat Enterprises and Fat Land & Building Company at 4875 State Road 127 North, Fremont, Indiana, which is the same location as Up In Smoke and U.S. Land and Storage Company without the approval or consent of Plaintiff Miller. (See Exhibit V).

65.     Neither Fat Enterprises nor any of its entities paid any rent to Up In Smoke or CR Smoke.

66.     Fat Enterprises was administratively dissolved by the State of Indiana on October 26, 2005, presumably for failing to file the appropriate business entity reports. (See documentation regarding entity status, attached hereto as **Exhibit "X".**)

## FAT'S DISCOUNT TOBACCO & FIREWORKS

67.   Fat's Discount Tobacco & Fireworks and/or Smokin ("Fat's Discount Tobacco") was a retail and wholesale store located at 51495 SR 19, Elkhart, Indiana. Fat's Discount Tobacco was a division of Fat Enterprises and was owned and operated by Defendants R. Rodriguez and C. Rodriguez.

68.   Upon information and belief, Defendants R. Rodriguez and C. Rodriguez used corporate funds from Up In Smoke and CR Smoke to purchase and/or start Fat's Discount Tobacco without the approval or consent of Plaintiff Miller during the time that the parties were engaged in the business ventures of Up In Smoke and CR Smoke.

69.   At no time did Defendants R. Rodriguez and C. Rodriguez offer the business opportunity of Fat's Discount Tobacco to Up In Smoke, CR Smoke and/or Plaintiff Miller. Instead, unbeknownst to Plaintiff Miller, Defendants R. Rodriguez and C. Rodriguez unilaterally operated Fat's Discount Tobacco and misappropriated business opportunities that should have been offered to Up In Smoke, CR Smoke and/or Plaintiff Miller. (See documentation attached hereto as **Exhibit "Y"** depicting the products sold by Fat's Discount Tobacco, which included cigarettes, cigars, fireworks, tobacco, novelties, and soda.)

70.   Business records of Fat's Discount Tobacco for the year 2003 reflect that the total sales for Fat's Discount Tobacco were approximately $163,148.68. (See balance sheets of Fat's Discount Tobacco for the months of January 2003 through December 2003 attached hereto collectively as **Exhibit "Z".**)

71.   Business records of Fat's Discount Tobacco for the year 2004 reflect that the total sales for Fat's Discount Tobacco were approximately $222,078.79. (See balance sheets of Fat's

Discount Tobacco for the months of January 2004 through December 2004 attached hereto collectively as **Exhibit "AA".**)

72. Defendants R. Rodriguez and C. Rodriguez have failed to maintain the Fat's Discount Tobacco and/or Smokin retail store and surrounding property. At present, like the CR Smoke location, the retail store and surrounding property for Fat's Discount Tobacco and/or Smokin is in a total state of disrepair. (See photographs depicting the current state of the Fat's Discount Tobacco and/or Smokin retail store and surrounding property, attached hereto as **Exhibits "BB1-BB11".**) Defendants R. Rodriguez and C. Rodriguez have also left the property unsecured and have failed to remove sensitive business documentation from the property prior to their abandonment.

73. Defendants Up In Smoke, CR Smoke and Plaintiff Miller were financially able to undertake the business opportunities usurped by Defendants R. Rodriguez and C. Rodriguez defined above. Moreover, these business opportunities were in the line of Defendants Up In Smoke and CR Smoke's normal business and would have been advantageous for Defendants Up In Smoke and CR Smoke to pursue.

74. In direct contravention of their duties as shareholders, Defendants R. Rodriguez and C. Rodriguez have ran Up In Smoke and CR Smoke's business through Fat Enterprises. Upon information and belief, Defendants R. Rodriguez and C. Rodriguez continue to conduct business and divert corporate assets, funds, and opportunities from Up In Smoke and Plaintiff Miller through Fat Enterprises and its related entities. In particular, R. Rodriguez and C. Rodriguez have operated at least ten different tent locations in which they have sold fireworks under a business name other than Up In Smoke. One such tent location was recently located in Kalamazoo, Michigan. In doing so, Defendants R. Rodriguez and C. Rodriguez have

-16-

misappropriated business opportunities for Fat Enterprises and its related entities that in equity and fairness belonged to Up In Smoke and/or CR Smoke.

## COUNT I – MISAPPROPRIATION OF CORPORATE OPPORTUNITY

75. Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

76. Defendants R. Rodriguez and C. Rodriguez were officers and/or directors of Up In Smoke and/or CR Smoke. As such, they were under a fiduciary obligation to not divert corporate business opportunities for their own personal gain.

77. Up In Smoke and CR Smoke had many business opportunities, which are outlined above, which they were financially able to undertake, and which were in their line of business.

78. Defendants R. Rodriguez and C. Rodriguez, rather than bringing the business opportunities into Up In Smoke and/or CR Smoke, misappropriated these corporate opportunities for the benefit of other entities, including Defendant Fat Enterprises and its divisions. The sole purpose of engaging in the misappropriation was to exclude Plaintiff Miller from benefitting from these opportunities.

79. Accordingly, Defendants R. Rodriguez and C. Rodriguez have damaged Plaintiff Miller in an amount well in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II - BREACH OF FIDUCIARY DUTY

80. Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

81.     Defendants R. Rodriguez and C. Rodriguez owe Plaintiff Miller, as well as Defendants Up In Smoke and CR Smoke, a duty to perform their duties relating to Up In Smoke and CR Smoke in good faith and in the best interests of Up In Smoke and CR Smoke.

82.     Defendants R. Rodriguez and C. Rodriguez owe Plaintiff Miller, as well as Defendants Up In Smoke and CR Smoke, a fiduciary obligation.

83.     Defendants R. Rodriguez and C. Rodriguez have operated Fat Enterprises, Fat Land & Building Company, as well as a car repair and/or resale business upon property owned by Up In Smoke without paying any rental monies to Up In Smoke.

84.     Defendants R. Rodriguez and/or C. Rodriguez purchased a Marathon Gas Station, which was located next to Up In Smoke, in 1999.  (See photograph attached hereto as **Exhibit "CC"**.) Defendants R. Rodriguez and/or C. Rodriguez conducted cigarette sales through the business.  Thereafter, Defendants R. Rodriguez and C. Rodriguez resold the gas station for a profit.

85.     Furthermore, in February 2004, Defendant R. Rodriguez negotiated to sell a portion of the Property owned by Up In Smoke at 985 W 500 N under the name of "Fat Enterprises" to Acres, Inc.  (See correspondence of from Fat Enterprises to Shelly, dated February 10, 2004, attached hereto as **Exhibit "DD"**.)  The sale price paid for the property by Acres, Inc. was $650,000.00; $300,000 of which was paid to Luby, the previous owner of the Property.  The remaining $350,000.00 is unaccounted for and no sale proceeds have been given to Plaintiff Miller.

86.     After Acres, Inc. purchased the portion of Property owned by Up In Smoke at 985 W 500 N, Acres, Inc. offered to purchase the remaining property owned by Up In Smoke for $3.7 Million dollars.  This offer was rejected by Defendant R. Rodriguez without a vote of the shareholders.

87.     Defendants R. Rodriguez and C. Rodriguez have violated their fiduciary obligations to Plaintiff Miller and Defendants Up In Smoke and CR Smoke by misappropriating money, mismanaging Up In Smoke and CR Smoke's affairs, placing their own interests first, manipulating financial records, and misappropriating business opportunities for their own use that in equity and fairness belonged to Up In Smoke and/or CR Smoke.

88.     Accordingly, Defendants R. Rodriguez and C. Rodriguez have damaged Plaintiff Miller in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT III - CONVERSION

89.     Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

90.     Defendants R. Rodriguez and C. Rodriguez have wrongfully converted and misappropriated the funds, assets and opportunities that should have been placed into Defendants Up In Smoke and/or CR Smoke thereby benefitting Plaintiff Miller as a shareholder.

91.     Accordingly, Plaintiff Miller is entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT IV – EQUITABLE ACCOUNTING/CONSTRUCTIVE TRUST

92.     Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

93.     Defendants R. Rodriguez and C. Rodriguez have engaged in an incredible amount of self dealing with respect to the businesses of Up In Smoke and CR Smoke, as well as the other business opportunities identified herein.

94.     Accordingly, it is imperative that this Court enter injunctive relief requiring Defendants to provide an accounting of their financial activities with Up In Smoke and CR Smoke,

as well as the other business opportunities stated herein. Furthermore, to the extent that the accounting reveals misappropriated assets, a constructive trust should be imposed over those assets.

**COUNT V – BREACH OF DUTY**

**(DEFENDANT ESTEP ACCOUNTING)**

95.    Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

96.    Defendant Estep Accounting, as the accountant to Defendants Up In Smoke and CR Smoke, owed a duty to them, as well as their individual shareholders.

97.    Upon information and belief, Defendant Estep Accounting, breached its duty by conspiring with the other Defendants herein to form Defendant Fat Enterprises, and its related entities, and to misappropriate the assets and business opportunities of Up In Smoke and CR Smoke.

98.    Upon information and belief, Defendant Estep Accounting further breached its duty by manipulating financial statements of Up In Smoke and CR Smoke in an attempt to further Defendants R. Rodriguez and C. Rodriguez's operation of Fat Enterprises and its related divisions at the expense of Up In Smoke, CR Smoke and/or Plaintiff Miller. Such manipulation is evidenced, in part, by the inconsistent capital accounts of Up In Smoke and CR Smoke from year to year.

99.    Defendant Estep Accounting further breached its duty by withholding financial records from Plaintiff Miller.

100.    Defendant Estep Accounting has engaged in both negligent and intentional acts, omissions, and other conduct described above.

101.    Accordingly, Plaintiff Miller has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT VI - CONSPIRACY

102. Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

103. Defendants entered into an agreement to conspire to unlawfully misappropriate the assets and opportunities of Defendants Up In Smoke and CR Smoke.

104. Defendants acted in furtherance of their agreement to conspire, and in fact, have actually engaged in significant acts in furtherance of the unlawful conspiracy to the point that the objects of the conspiracy have been achieved.

105. Accordingly, Plaintiff Miller has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT VII - RIGHT TO INSPECT BOOKS (IC 23-1-52-2)

106. Plaintiff restates and incorporates herein the preceding allegations contained in his Verified Complaint.

107. Pursuant to IC 23-1-52-2, Plaintiff Miller has the right, and is entitled, to inspect all books and records of Defendants Up In Smoke and CR Smoke.

108. Despite Plaintiff Miller's repeated demands to inspect all books and records of Up In Smoke, Defendants R. Rodriguez and C. Rodriguez have refused to make such documents available to Plaintiff Miller.

109. Accordingly, because Defendants R. Rodriguez and C. Rodriguez have failed to make available to Plaintiff Miller such financial documents, Plaintiff Miller is now entitled to a full and accurate accounting of Defendants Up In Smoke and CR Smoke detailing all transactions that involve Up In Smoke and CR Smoke relating to Defendants R. Rodriguez,

C. Rodriguez, Fat Enterprises, including Fat's Discount Tobacco & Fireworks, Fat Auto Sales, Fat Land & Building Company and Smokin Rods.

## COUNT VIII – REQUEST FOR APPOINTMENT OF RECEIVER

110.    Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

111.    Plaintiff Miller requests that this Court use its equitable powers to immediately appoint a Receiver over the businesses described herein during the pendency of the case. Plaintiff Miller asserts that he will suffer irreparable harm if a Receiver is not appointed in that the Defendants will continue to hide and conceal books, records, assets, and continue to exclude him from business opportunities.

112.    Furthermore, Up In Smoke and, upon information and belief, Fat Enterprises and other related entities are ongoing businesses. In some instances, Defendants have changed and/or modified the names of the companies and operated upon property owned by Up In Smoke. This demonstrates an intent to convert all the business of Up In Smoke and/or CR Smoke and is indicative of Defendants' intent to exclude Plaintiff Miller.

## COUNT IX – JUDICIAL DISSOLUTION OF UP IN SMOKE AND CR SMOKE

113.    Plaintiffs restate and incorporate herein the preceding allegations contained in their Verified Complaint.

114.    Count IX is pled in the alternative.

115.    Defendants R. Rodriguez and C. Rodriguez were responsible to run the daily operations of Up In Smoke and CR Smoke. Defendants R. Rodriguez and C. Rodriguez have diverted corporate assets and funds from Up In Smoke and CR Smoke to operate Fat Enterprises,

which includes Fat's Discount Tobacco & Fireworks, Fat Auto Sales, Fat Land & Building Company and Smokin Rods without agreement by Plaintiff Miller.

116.    Defendants R. Rodriguez and C. Rodriguez have failed to advertise the retail operations of Up In Smoke, which has caused a loss of business due to competitors in the area.

117.    Based on the totality of Defendants R. Rodriguez and C. Rodriguez's actions, as detailed above, it is no longer reasonably practicable to carry on Defendant Up In Smoke's business.

118.    Accordingly, because it is no longer reasonably practicable to carry on Defendant Up In Smoke's business, Plaintiff Miller seeks judicial dissolution of Defendant Up in Smoke, as well as CR Smoke, pursuant to IC 23-1-47-1, as well as any further relief deemed just or equitable.

## COUNT X - PUNITIVE DAMAGES AND ATTORNEY FEES

119.    Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

120.    Defendants R. Rodriguez, C. Rodriguez, Fat Enterprises and Estep Accounting have acted maliciously with the specific intent to cause harm to Plaintiff Miller, and Defendants Up In Smoke and CR Smoke.  Defendants have the ability to pay a punitive damages award, and to reimburse Plaintiff Miller for his attorney fees.

121.    To deter similar conduct, Defendants R. Rodriguez, C. Rodriguez, Fat Enterprises and Estep Accounting should be forced to pay a punitive damage award well in excess of Five Hundred Thousand Dollars ($500,000.00) and to reimburse Plaintiff Miller for all his attorney fees.

## COUNT XI - BREACH OF CONTRACT

122.     Plaintiffs restate and incorporate herein the preceding allegations of their Verified Complaint.

123.     Plaintiff Miller Fireworks is in the business of the wholesale sale and distribution of fireworks and other products.

124.     During the months of May, June and July 2008, Plaintiff Miller Fireworks and Defendants R. Rodriguez and C. Rodriguez entered into an agreement whereby Plaintiff Miller Fireworks sold fireworks and other products to Defendants in the amount of $29,933.99.  (See Exhibit H.)

125.     Defendants R. Rodriguez and C. Rodriguez took possession of said fireworks without remitting payment to Miller Fireworks.

126.     By failing to pay the amount of $29,933.99, which is due and owing to Plaintiff Miller Fireworks, Defendants R. Rodriguez and C. Rodriguez have substantially and materially breached the agreement.

127.     Plaintiff Miller Fireworks has demanded payment from Defendants R. Rodriguez and C. Rodriguez in the amount of $29,933.99.

128.     Without justification, Defendants R. Rodriguez and C. Rodriguez have refused to pay Plaintiff Miller Fireworks the amount due and owing under the agreement.

129.     As a direct and proximate result of Defendants R. Rodriguez and C. Rodriguez's breach, Plaintiff Miller Fireworks has been damaged and is entitled to recover damages from Defendants in the amount of $29,933.99, plus interest, attorneys' fees, costs and expenses.

WHEREFORE, Plaintiffs John P. Miller, III and The Miller Fireworks Company, Inc. respectfully request that the Court enter the following:

    a.    An Order appointing a Receiver to undertake and control the business interests described herein;

    b.    An Order requiring Defendants to undertake an accounting of their financial activities with Up In Smoke, CR Smoke, Fat Enterprises and its related divisions, as well as all other business interests identified herein and to impose a constructive trust over all identified assets, including proceeds of those assets;

    c.    Enter an Order instructing Defendants R. Rodriguez and C. Rodriguez to immediately make available to Plaintiff Miller all missing records for Defendants Up In Smoke and CR Smoke;

    d.    Enter an Order instructing Defendants R. Rodriguez and C. Rodriguez to immediately make available to Plaintiff Miller all financial and business records of Fat Enterprise and its related entities;

    e.    In the alternative to the appointment of a Receiver, enter a Decree, pursuant to IC 23-1-47-1, dissolving Defendants Up In Smoke and CR Smoke;

    f.    An award of compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to Plaintiff Miller;

    g.    An award of punitive damages in excess of Five Hundred Thousand Dollars ($500,000.00) to Plaintiff Miller;

    h.    An award of $29,933.99, plus interest, to Plaintiff Miller Fireworks;

    i.    Attorney fees, costs, and expenses to Plaintiffs Miller and Miller Fireworks; and

    j.    Any further relief deemed just or equitable.

Respectfully submitted,

Jason M. Kuchmay (20974-02)
Federoff Law Firm, LLP
10445 Illinois Road
Fort, Wayne, Indiana 46814
Telephone: (260) 207-2100
Telefax: (260) 207-2101
Email: jmk@federoff-law.com
Attorney for Plaintiff

## VERIFICATION

STATE OF OHIO            )
                         ) SS:
COUNTY OF LUCAS          )

I, John P. Miller, III, individually and as President of Miller Fireworks Company, Inc.,

have reviewed the contents of this Verified Complaint and find the contents and averments to be true

and accurate to the best of my knowledge and belief.

_8-2️⃣ -09_
Date

John P. Miller, III

Sworn to before me and subscribed in my presence this _21st_ day of August, 2009.

Notary Public

KAREN S WAINER
Notary Public, State of Ohio
My Commission Expires 06-04-2011

-26-

## JURY DEMAND

Plaintiffs John P. Miller, III, and The Miller Fireworks Company, Inc. hereby request a jury trial on all issues so triable.

Jason M. Kuchmay (20974-02)
Attorney for Plaintiff

## PRAECIPE FOR SERVICE

Please cause summons and a copy of the Verified Complaint to be served upon Defendants at the addresses provided above, via Certified Mail, Return Receipt Requested.

Jason M. Kuchmay (20974-02)
Attorney for Plaintiff