## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHN F. MILLER III, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09-CV-242 |
| | ) | |
| UP IN SMOKE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Plaintiff, John Miller, is a fifty-percent shareholder of Defendants Up In Smoke, Inc., and CR Smoke, Inc. On August 25, 2009, Miller brought suit in his own name against Up In Smoke, CR Smoke, Fats Enterprises, LLC, Charlotte Rodriguez (the other fifty-percent shareholder of Up In Smoke), Rudy Rodriguez (the other fifty-percent shareholder of CR Smoke), and Estep Accounting Service, Inc., alleging, among other claims, that they misappropriated assets and diverted business opportunities from Up In Smoke and CR Smoke. (Compl. ¶¶ 75-129.) Additionally, Miller Fireworks, a company operated by John Miller, is asserting a breach of contract claim against Charlotte and Rudy Rodriguez in the amount of $29,933.99. (Compl. ¶¶ 122-29.)

It is a "well-established general rule that shareholders of a corporation may not maintain actions at law in their own names to redress an injury to the corporation, even if the injury has the effect of impairing the value of their stock." *Barth v. Barth*, 659 N.E.2d 559, 560 (Ind. 1995) ("*Barth II*"). Rather, a shareholder must bring a derivative action in the name of the corporation. *Id.* In *Barth II*, the Indiana Supreme Court recognized an exception to this general rule that permits the court, in its discretion, to allow shareholders of a closely held corporation to bring a

direct, rather than a derivative, action. *Id*. at 560-62. There is, however, an exception to this exception, indicating that a direct action is inappropriate when the shareholder is asserting claims against a third party. *Hubbard v. Tomlinson*, 747 N.E.2d 69, 72 (Ind. Ct. App. 2001).

In the present case, John Miller has brought all of his claims as a direct action against Up In Smoke and CR Smoke, in both of which he is a shareholder, but also against third parties Fat Enterprises, LLC, Rudy Rodriguez (a third party to Up In Smoke), Charlotte Rodriguez (a third party to CR Smoke), and Estep Accounting Services. With the inclusion of these third-parties, Miller apparently cannot bring a direct action and this case, or at least part of it, must therefore be recast as a derivative suit with Up In Smoke and CR Smoke as plaintiffs. *See Hubbard*, 747 N.E.2d at 72. Such a re-alignment would, however, presumably destroy this Court's diversity jurisdiction (as Up In Smoke, CR Smoke, Fat Enterprises, Rudy Rodriguez, and Charlotte Rodriguez are all citizens of Indiana),[1] making the case subject to dismissal for lack of diversity of citizenship under 28 U.S.C. § 1332.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(h)(3), the parties were instructed to each file an opening brief and a response brief to address the Court's concerns about whether this action must be re-cast as a shareholder derivative action. In their briefs, the parties have painted two very different pictures for the Court. The Plaintiffs argue that under the *Barth II* rule, their entire suit has been properly brought as a direct action. Alternatively, they argue that even if the Court finds that many of their claims must be brought derivatively, the parties need not be re-aligned (thus destroying diversity jurisdiction) because the management of Up In Smoke and CR Smoke (i.e., Charlotte and Rudy Rodriguez) has been antagonistic to the

---

[1] Estep Accounting Service, Inc., is purportedly a Michigan corporation.

2

lawsuit. *See Johnson v. Masselli*, No. 2:07-cv-214, 2007 WL 2743493, at *1 (N.D. Ind. Sept. 17, 2007) ("An exception to realignment exists if 'corporate management' is antagonistic to the original shareholder plaintiff.") (quoting *Smith v. Sperling*, 354 U.S. 91 (1957)). In this scenario, Miller and Miller Fireworks would remain as the nominal plaintiffs and assert their direct claims, while Up In Smoke and CR Smoke would remain as the nominal defendants for purposes of determining jurisdiction, but would nonetheless be the beneficiaries of (that is, the "plaintiffs" in) the derivative action.

By contrast, the Defendants argue that Counts I, II, III, IV, and VI must be brought derivatively, with Up In Smoke and CR Smoke re-aligned as plaintiffs. With the corporations as the plaintiffs, the Defendants argue that the case must then be dismissed for lack of diversity jurisdiction. They also object to the remaining claims, which they recognize Miller can bring as a direct action. However, the Defendants assert that they too must be dismissed for lack of diversity jurisdiction because there is not more than $75,000 in controversy. Similarly, they argue that Miller Fireworks's claim against Charlotte and Rudy Rodriguez, although between citizens of two different states, does not implicate more than $75,000. In the Defendants' scenario, therefore, Miller must bring Counts I, II, III, IV, and VI as derivative claims and Up In Smoke and CR Smoke must be recast as plaintiffs, thereby destroying diversity jurisdiction. Even if Up In Smoke and CR Smoke remain as defendants for jurisdictional purposes, however, the lawsuit may still face dismissal because both Miller and Miller Fireworks's direct claims do not implicate more than $75,000. With the direct claims dismissed for lack of diversity jurisdiction, and Up In Smoke and CR Smoke kept as nominal defendants, there would no longer be any plaintiffs in the lawsuit.

Because, however, the amount in controversy question was initially outside the scope of the Court's original Order for briefing, the Court will defer ruling on whether it ultimately has subject matter jurisdiction over this case until that issue has been addressed. Accordingly, the Court VACATES the August 25, 2010, evidentiary hearing on the issue of the appointment of the receiver and CONVERTS that hearing to oral argument on the existence of the Court's subject matter jurisdiction. The parties are to each file a brief by August 24, 2010, to discuss the amount in controversy issue. Specifically, the parties should address whether or not Miller's direct claims can be aggregated to reach the $75,000 threshold, and, to the extent that the direct claims must stand alone, the basis to believe that any one of them exceeds $75,000. With the further briefing and oral argument, the Court will then rule on whether it has subject matter jurisdiction over this case.

SO ORDERED.

Enter for August 18, 2010.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge