UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN P. MILLER, III, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-242 |
| ) | |
| UP IN SMOKE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court in this shareholder derivative action are two Notices of Attorney Fee Liens claiming an attorney's lien upon, among other things, the property of the Defendant and Counter Claimant, Up In Smoke, Inc. The first Notice is for $23,369.24 and was filed on April 4, 2011, by Cress Law Group P.C. ("Cress"), former counsel to Defendants Up In Smoke, CR Smoke, Inc.; Fats Enterprises, LLC ("Fats"); Rudolfo Rodriguez ("Rudy"), and Charlotte Rodriguez ("Charlotte"). (Docket # 175.) The second Notice is for $73,333.13 and was filed on May 11, 2011, by Theisen Bowers & Associates ("Theisen"), former counsel to these same Defendants. (Docket # 194.)

After Martin Seifert, the Court-appointed Full Receiver for Up In Smoke, unsuccessfully sought the voluntary withdrawal of the Notices, Theisen and Cress each filed a Motion for Enforcement of Attorney Fee Lien. (Docket # 205, 215, 216.) The Receiver opposed the motions for enforcement and moved to strike the Notices.[1] (Docket # 210-212.) Theisen filed a timely reply to his motion for enforcement. (Docket # 213.) Theisen and Cress each responded to the

---

[1] Plaintiffs John Miller and The Miller Fireworks Company also filed a response opposing Theisen's motion for enforcement. (Docket # 209.) In addition, Rudy and Charlotte, who are now proceeding *pro se*, filed an objection to the Notices. (Docket # 198.)

Receiver's motion to strike (Docket # 213, 217), and the Receiver timely replied. (Docket # 219.)

## A. *Factual and Procedural Background*

On August 25, 2009, John Miller, a 50% shareholder of Up in Smoke and CR Smoke, and The Miller Fireworks Company filed this lawsuit against Up In Smoke; CR Smoke; Fats; Charlotte, an officer and the other 50% shareholder of Up In Smoke; and Rudy, the other 50% shareholder in CR Smoke.[2] (Docket # 1.) Miller alleged in his nine-count complaint that, among other things, Defendants misappropriated corporate opportunities of Up In Smoke and CR Smoke, violated fiduciary duties, and converted corporate assets. (Docket # 1.) He sought damages and various other forms of relief, including that the Court appoint a receiver over the Defendant corporations. (Docket # 1.)

On September 8, 2009, Attorney Benjamin Ice appeared on behalf of the Defendants. (Docket # 16.) In June 2010, however, Attorney Ice withdrew, and Theisen and Cress appeared on the Defendants' behalf. (Docket # 66, 67, 72, 73, 76.)

On June 24, 2010, the parties agreed to the appointment of a Limited Receiver to oversee the management and operation of Up In Smoke, CR Smoke, and Fats. (Docket # 79.) The Court instructed the parties to attempt to reach an agreement on the appointment of a Full Receiver and then set the receivership motion for an evidentiary hearing. (Docket # 79.) The parties were unable to reach an agreement, however, and the Court conducted a day-long receivership hearing on July 27, 2010. (Docket # 90, 138.) During the hearing, the Court questioned whether some of Miller's claims were actually shareholder derivative actions, ultimately continuing the

---

[2] Miller also named Up In Smoke's and CR Smoke's accounting firm, Estep Accounting, as a Defendant, but it has since been dismissed from this action. (Docket # 1, 182.)

receivership hearing until that issue was briefed and decided. (Docket # 98-101, 106-08.)

On September 8, 2010, the Court concluded that six counts of the complaint had to be brought derivatively by Miller on behalf of Up In Smoke and CR Smoke, but that Miller could bring the remaining three counts in his own name. *See Miller v. Up In Smoke, Inc*., No. 1:09-cv-242, 2010 WL 3613900 (N.D. Ind. Sept. 8, 2010). With the case partially re-cast as a shareholder derivative action, the Court completed the receivership hearing on September 29, 2010, calling for further briefing on the matter. (Docket # 127.)

On October 14, 2010, Theisen filed a motion to withdraw as counsel to the Defendants. (Docket # 135.) Cress filed a similar motion to withdraw on November 11, 2010. (Docket # 143.)

On December 8, 2010, after considering the parties' briefs, the Court appointed Martin Seifert as the Full Receiver for Up In Smoke. (Docket # 155, 156.) That same day, the Court approved the Receiver's application to employ his own counsel. (Docket # 159, 164.)

On December 17, 2010, the Court granted Theisen's and Cress's motions to withdraw. (Docket # 166.)

### B. Applicable Legal Standard

"There is no federal common law or statute providing for an attorney's lien; federal courts follow their forum state's law." *Holly v. Rent-A-Center*, No. IP 00-580-C-Y/F, 2000 WL 1134536, at *1 (S.D. Ind. Aug. 9, 2000). Indiana law recognizes two kinds of attorney's liens: a "retaining" lien and a "charging" lien. *Id*. (citing *State ex rel. Shannon v. Hendricks Circuit Court*, 183 N.E.2d 331 (Ind. 1962)).

"The liens may be readily distinguished by comparing them." 23 RICHARD A. LORD, WILLISTON ON CONTRACTS § 62:11 (4th ed.). "A general or retaining lien prevents a client from

using materials *held by the attorney* until either the parties settle their fee dispute or the client posts adequate security for the payment of the fees." *Id*. (emphasis added); *see Grimes v. Crockrom*, 947 N.E.2d 452, 454 (Ind. Ct. App. 2011). "It has its roots in the common law and is founded on principles of justice", and its "existence . . . depends on possession by the attorney of money, property or papers of the client." LORD, *supra*.

In contrast, a charging lien is "for services rendered in a particular cause of action or proceeding to secure compensation for obtaining a judgment, award or decree on the client's behalf." *Id*. The charging lien "is not dependent on possession, . . . . [but] is based on natural equity—the client should not be allowed to appropriate the whole of the judgment without paying for the services of the attorney who obtained it." *Id*. Here, neither Theisen nor Cress claim to possess any property of Up In Smoke, and therefore their claim arises solely as a charging lien.

In most states, a charging lien rests entirely on statutes. *Id*. Indiana Code § 33-43-4-1, the charging lien statute, provides that "[a]n attorney . . . may hold a lien for the attorney's fees on a judgment rendered in favor of a person employing the attorney to obtain the judgment." The statutory lien arises if the attorney, not later than sixty days after the date the judgment is rendered, enters in writing upon the docket his intention to hold a lien on the judgment, along with the amount of his claim. Ind. Code § 33-43-4-2. "Similar to a mechanic's lien, [Indiana Code § 33-43-4-1] authorizes a lien upon something created or recovered for the client by his attorney." *Stroup v. Klump-O'Hannes*, 749 N.E.2d 622, 625 (Ind. Ct. App. 2001). That is, a charging lien "is a partial assignment of the judgment from the client to the attorney." *Id*.

### C. Discussion

When applying the foregoing standard, it is clear that a charging lien on the property of

Up In Smoke does not exist in favor of Theisen or Cress. This is because the services Theisen and Cress performed did not produce the "fund" upon which they seek to impose the lien.

To explain, "[i]t is generally agreed . . . that a solicitor has a lien for his costs upon a *fund recovered by his aid*, paramount to that of the persons interested in the fund or those claiming as their creditors." *U.S. Fid. & Guar. Co. v. Macksville Gravel Co.*, 150 N.E. 390, 391 (Ind. Ct. App. 1926) (emphasis added) (quoting *Puett v. Beard*, 86 Ind. 172, at *1 (1882)). "The reason for this rule is that the services of the solicitor have, in a certain sense, created the fund, and he ought in good conscience to be protected." *Id*. (quoting *Puett*, 86 Ind. at *1).

Here, however, the fund in which Theisen and Cress seek to participate—the property of Up In Smoke—was not "secured or created through or as a result of their efforts, singly or in conjunction with the efforts of others." *Macksville Gravel*, 150 N.E. at 391 (citing *Koons v. Beach*, 46 N.E. 587, 587 (1897)); *see generally* Timothy O'Hare & Curtis T. Jones, *Collection of Attorney Fees by Assertion of Liens in Indiana*, RES GESTAE, Dec. 2007, at 25 ("One notable restriction to the use of Indiana's statutory lien is that the lien must be attached to money or property that the attorney *actually recovers* for the client.") (emphasis added). To explain, Theisen and Cress represented Up In Smoke from June to December 2010 through the receivership hearings and during the briefing of the shareholder derivative issue. They withdrew when the Full Receiver was appointed. While there may be instances in which an attorney for a defendant is entitled to a charging lien, this is not one of them.

To elaborate, a defense attorney may, for example, claim a charging lien where he successfully obtains an affirmative judgment in favor of his client, as in the case of a setoff or counterclaim. *See* 7 AM. JUR. 2D, *Attorneys at Law* § 346 (1997) (citing *T. Harlan & Co. v.*

*Bennett, Robbins & Thomas*, 106 S.W. 287 (Ky. Ct. App. 1907); *O'Connor v. St. Louis Transit Co.*, 97 S.W. 150 (Mo. 1906); *Elliott v. Orton*, 171 P. 1110 (Okla. 1918)). Or in certain states, it is possible for a defense attorney to obtain a charging lien on land where he successfully defends an adverse claim on the land. *Id*. (citing *Lovett v. Moore*, 26 S.E. 498 (Ga. 1896)).

No judgment, however, has yet been awarded in this case. Of course, under Indiana Code § 33-43-4-1,"[n]o lien can be acquired before judgment . . . ." *Olczak v. Marchelewicz*, 188 N.E. 790, 792 (Ind. Ct. App. 1934); *see generally* O'Hara & Jones, *supra* at 5 ("[A]n attorney is only entitled to a statutory lien for the attorney fees on any 'judgment rendered' in favor of the client. This 'judgment' requirement has been strictly enforced.").

Moreover, and perhaps even more significantly, the Court resorted to appointing a Full Receiver in this matter—"an extraordinary remedy"—in order to adequately protect the property of Up In Smoke. *JPMorgan Chase Bank, N.A. v. Heritage Nursing Care, Inc*., No. 06 C 4803, 2007 WL 2608827, at *8-9 (N.D. Ill. Sept. 6, 2007). Therefore, if anyone, the Full Receiver and his counsel, *not* Theisen or Cress, performed the services necessary to secure or create the fund upon which Theisen and Cress now claim charging liens. In fact, Theisen and Cress *opposed* the appointment of a Full Receiver and adamantly defended Rudy and Charlotte's inept operation of Up In Smoke. (*See* Docket # 153.)

In that regard, the Court observed in its December 8, 2010, Order that Rudy and Charlotte grossly mismanaged Up In Smoke, essentially treating it as a "private family checkbook." (Op. and Order, Dec. 8, 2010 (Docket # 155) at 7) ("The evidence and testimony demonstrate that continued management by Charlotte and Rudy will likely lead to Up In Smoke's property being lost, concealed, or diminished in value such that existing legal remedies are inadequate to protect

6

the corporation from further harm."). The Court concluded, over Theisen's and Cress's objections, that "absent the appointment of a Full Receiver, there is a serious possibility that the interests of Up In Smoke will suffer irreparable injury." (Op. and Order, Dec. 8, 2010 at 13 (citing *JP Morgan Chase Bank*, 2007 WL 2608827, at *10).) Thus, on this record, there is no evidence to support Theisen's and Cress's assertion that their services helped to "secure" or "create" the Receiver's fund—that is, the property of Up In Smoke—upon which they seek to impose the attorney's liens. *Macksville Gravel*, 150 N.E. 390.

In short, "[i]t is said than an attorney's charging lien attaches to the fruits of the attorney's skill and labor." 2 ROBERT L. ROSSI, ATTORNEYS' FEES § 12.27 (3d ed.) (citing *Wylie v. Coxe*, 56 U.S. 415 (1853); *Costigan v. Stewart*, 91 P. 83 (Kan. 1907), *superceded by statute*, Kan. Stat. Ann. 60-2308, *as recognized in In re Marriage of Comley*, 32 P.3d 1128, 1132 (Kan. 2001)). Accordingly, "[i]f the attorney's work produces no fruit, then the attorney has no lien." *Id.* (citing *Hanna v. Island Coal Co.*, 31 N.E. 846 (Ind. Ct. App. 1892); *Norrell v. Chasan*, 4 A.2d 88 (N.J. 1939)). Because Theisen's and Cress's services for Up In Smoke did not secure or create the fund upon which they seek to impose the liens, and because no judgment has yet been entered in this case, their Motions for Enforcement of Attorney Fee Liens will be DENIED and their Notices of Attorney Fee Liens with respect to Up In Smoke will be STRICKEN.[3]

Of course, it is not disputed that Theisen and Cress have earned attorney's fees for their representation of Up In Smoke from June to December 2010, and thus are creditors of Up In

---

[3] The Court is striking the Notices of Attorney Fee Liens with respect to Up In Smoke only and is not expressing an opinion about the viability of Theisen's and Cress's claims of attorney liens upon the property of any other Defendant. In that same vein, the Court is not expressing an opinion about the amount of attorney's fees sought by either Theisen or Cress.

Smoke. Therefore, they may file a claim form for the fees in accordance with the Order Approving Claims Procedure entered by this Court on May 9, 2011. (Docket # 189.) However, their contention that they have priority over other creditors by virtue of attorney liens is unavailing.

### *D. Conclusion*

For the reasons given herein, the Motions for Enforcement of Attorney Fee Liens filed by Theisen, Bowers & Associates, LLC, and Cress Law Group P.C. (Docket # 205, 215, 216) are DENIED. The Motion to Strike Attorney Fee Liens (Docket # 211) filed by the Receiver is GRANTED. The Clerk is DIRECTED to show the Notices of Attorney Fee Liens filed by Cress (Docket # 175) and Theisen (Docket # 194) as STRICKEN with respect to Up In Smoke only; the Notices remain as to the other Defendants.

SO ORDERED.

Entered this 22nd day of July, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge