UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHN MILLER III, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:09-CV-242 |
| | ) | |
| UP IN SMOKE, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER DISMISSING WITH PREJUDICE**

**I.  INTRODUCTION**

This matter is before the Court on the parties' Stipulation of Dismissal with Prejudice.[1] (Docket # 257.)  A telephonic hearing on the Stipulation was held on January 23, 2012.  For the reasons stated on the record and below, the case will be DISMISSED WITH PREJUDICE, but the Court will not retain jurisdiction to enforce the terms of the Settlement Agreement and counsel for the parties do not object.

**II.  PROCEDURAL BACKGROUND**

On December 20, 2011, the parties filed their Stipulation of Dismissal with Prejudice, asking the Court to retain jurisdiction to wind up the Receivership and enforce the terms of the Settlement Agreement, but omitting the agreement itself.  Because the case is partly a derivative action, under Federal Rule of Civil Procedure 23.1(c), the Court is required to approve the Settlement Agreement.  At the Court's direction, the parties filed the agreement (Docket # 261), and the Court engaged in the required review of it, *see* Fed. R. Civ. P. 23.1(c).

---

[1]Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (*See* Docket # 43.)

1

## III.  DISCUSSION

While *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), allows a district court to retain jurisdiction to enforce the terms of a settlement agreement in certain circumstances, "[a] district court is not obliged to retain jurisdiction to enforce a settlement simply because parties may wish it to do so," *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004).  Moreover, "[r]etaining jurisdiction over a dismissed action for purposes of enforcing the settlement agreement is potentially problematic . . ." *Carson Mfg. Co., Inc. v. Star Headlight & Lantern Co., Inc.*, No. 1:03-CV-0090-JDT-TAB, 2003 WL 21755517, at *1 (S.D. Ind. July 28, 2003).  The Seventh Circuit Court of Appeals has described this as a "serious problem," explaining that "a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice."  *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).  Generally, settlement agreements do not involve the Court as a party or otherwise; they are private contracts between parties. *Indianapolis Fruit Co., Inc. v. SCI, Inc.*, No. 3:08-CV-46-TS, 2008 WL 2626671, at *1 (N.D. Ind. June 26, 2008).  As such, "[i]n the ordinary case when federal court litigants enter into a settlement agreement, [the] Court does not retain jurisdiction to oversee enforcement issues that arise months or even years down the road; rather those concerns typically implicate state law and are left for state courts to adjudicate." *Parke v. Glover*, No. 09-0327-WS-C, 2010 WL 2036408, at *1 (S.D. Ala. May 19, 2010).

If the parties make a showing that the procedural options and enforcement mechanisms available under state law are insufficient to protect their future interests, then retention of jurisdiction to enforce the settlement agreement may be appropriate.  *Id.*  On the other hand, the

Court may decline to retain jurisdiction to enforce the settlement terms where there are no extraordinary or unusual circumstances that would warrant an ongoing commitment of judicial resources to monitor and enforce the agreement, *id.*, or where the administration of a settlement threatens to impose undue burdens on it, *Cross Media Mktg. Corp.*, 319 F. Supp. 2d at 483.

Here, after a careful review of the terms of the Settlement Agreement, the Court declines to retain jurisdiction to enforce the agreement for several reasons.  First, the Court is not obligated to retain jurisdiction simply because the parties request it.  *Id.*  Turning to the terms of the agreement, one term involves a purported covenant not to compete for a period of 5 years by locating a store within 12 miles of the former location, which raises a question of enforceability as well as the applicable state law.  Considering the length of this covenant, the Court and its resources would be potentially involved in overseeing this agreement for years down the road, which would threaten to impose undue burdens on it.  *Id.*  Furthermore, the parties have made no showing that the ordinary procedural options and enforcement mechanisms available under state law are insufficient to protect their interests such that the Court should retain jurisdiction and use its resources to monitor and enforce the agreement for years to come.  *See Parke*, 2010 WL 2036408, at *1.  Moreover, several terms purport to bind (and have this Court enforce claims against) the son of the Rodriguez's, who is not even a party to the action.  Therefore, taking into account the "serious problem" raised by dismissing a case with prejudice while retaining jurisdiction to enforce the settlement agreement, *Shapo*, 463 F.3d at 643, the suitable enforcement mechanisms available under state law, and the burdens that retaining jurisdiction would impose on the Court, the Court will not retain jurisdiction to enforce the terms of the Settlement Agreement.  The Court will, however, retain jurisdiction to wind up the Receivership.

## IV.  CONCLUSION

For the foregoing reasons, the case is DISMISSED WITH PREJUDICE.  (*See* Docket # 257.)  The Court retains jurisdiction to wind up the Receivership, but denies the parties' request to retain jurisdiction to enforce the settlement terms.

SO ORDERED.

Entered this 23rd day of January, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
